## 8200

### BROWN v. ATLANTIC COAST LINE R. R. CO.

CARRIER—FREIGHT—PENALTY—CONSIGNEE.—Under the penalty statute for failure to adjust claims for loss or damage to freight, the party to be notified in a shipment to the order of the consignor *"notify,"* after he has obtained possession of the bill of lading is included in the term "aggrieved consignee" used in the act and may recover the penalty. A penalty statute should be strictly but not unreasonably construed.

Before SHIPP, J., Sumter. Reversed.

Action by W. T. Brown against Atlantic Coast Line Railroad Company in court of magistrate. From Circuit order, reversing magistrate's judgment, plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *The Court will construe an ambiguous contract as the parties do:* 59 S. C. 81.

*Mr. Lucian W. McLemore,* contra, cites: *The word notify signifies the person named is not the consignee:* 1 Hutch. on Car. 187; 4 Ell. on R. R. 2216; 28 S. E. 867; 106 Fed. 623; 123 U. S. 727; 4 Daly 318; 18 Conn. 66. *Bill of lading does not show Brown was consignee:* 6 Cyc. 470; 50 Ala. 352. *Statute must be strictly construed:* Black on Int. of L. 287; 13 Ency. 55; 23 Ency. 374.

May 3, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Young & Metzner, of New York, consigned to their own order, at Wedgefield, S. C., a bundle of bagging, in a bill of lading which contained the words, "order notify W. T. Brown." Brown paid for the bagging, and obtained the bill of lading, which he presented to defendant's agent at Wedgefield and demanded

the bagging, which was not delivered to him, because it had been lost by defendant. Having waited some time for defendant to find and deliver the bagging, and it having failed to do so, plaintiff filed a claim for its value which defendant failed to pay within the time required by statute, although it afterwards admitted liability therefor. Plaintiff brought this action to recover the value of the bagging, together with fifty dollars, the penalty which the statute allows the "consignee aggrieved" to recover for the failure of the carrier to pay such claims within the time prescribed.

Under the facts stated, was the plaintiff the "consignee aggrieved," within the meaning of the statute? That is the sole question raised by the appeal. He was recognized and dealt with both by the shippers and by the defendant as the consignee. To be sure he had no legal right to the goods, until he possessed himself of the bill of lading. But as soon as he did that, he became, in contemplation of law, the consignee of the goods. It is a well known custom of trade for goods to be shipped to the order of the consignors, with directions to notify the person for whom they are really intended. The custom is well established and well understood by both consignors and consignees and also by the carriers, who, in such cases, know that the goods have been shipped with a draft for the purchase money attached to the bill of lading, and that, until the draft is paid and the possession of the bill of lading obtained by the person to be notified, he is not entitled to the goods; but that the moment he does procure and present the bill of lading, he is as much entitled to the goods as if they had been unconditionally consigned to him in the first instance. What are called "order notify" shipments are made for other reasons. which need not be mentioned here. It is well known even by laymen that the transfer of a bill of lading carries with it the right to the goods, and makes the transferee for all lawful purposes the consignee. It is equally well known that under certain circumstances the original consignee may be

changed, but in every such instance, and when goods are shipped "order notify," unless there is some peculiar feature or circumstance affecting the case, the person who presents the bill of lading is deemed to be the consignee. This Court has invariably so treated him. *Bank* v. *Ry. Co.,* 25 S. C. 216, in which the party to be notified was spoken of as the consignee. In the later case of *Layton* v. *Ry.,* 90 S. C. 323, the party to be notified was not only spoken of ·by this Court throughout the opinion as the consignee, but he was allowed to recover the penalty provided for by the same statute under which the plaintiff in this action seeks to recover, and under circumstances similar to those of this case.

We are not unmindful of the fact that the statute, being penal, should be strictly construed, but a strict construction does not mean an unreasonable one; nor does it warrant the Court in denying to litigants by construction a remedy which the Legislature evidently intended they should have for the enforcement and protection of their rights against the indifference or negligence of carriers in the settlement of such claims.

Judgment reversed.

MR. JUSTICE FRASER *concurs in the result.*