# Cornelius & Co. *v.* Central of Georgia Ry. Co.

## *Assumpsit.*

(Decided June 3, 1915.   69 South. 331.)

1. *Carriers; Goods; Freight; Under Charge; Liability.*—Where oranges were consigned to a commission merchant for sale under an agreement that after paying his commissions and freight, he would remit the proceeds to the seller, and through mistake the railroad company made an undercharge which the commission merchant refused to make good, having already transmitted the proceeds to the shipper, the railroad company was entitled to rely on the presumption that the consignee, the commission merchant, was the owner of the shipment, he not having, before transmission of the proceeds, informed the railroad company that he was not the owner, and was therefore liable for such undercharge.

2. *Principal and Agent; Liability of Agent; Undisclosed Principal.*—Where an agent does not disclose his agency at the time of entering into a contract with another, he may be held personally liable.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by the Central of Georgia Railroad Company against S. F. Cornelius & Co., to recover undercharge

for freight. Judgment for the plaintiff, and the defendant appeals. Affirmed.

The following is the agreed statement of facts: "In the above-entitled cause, it is stipulated and agreed as follows: That on or about February 10, 1910, a shipment of oranges was made by H. T. Montgomery & Co., from Mango, Fla., to the defendant at Birmingham, Ala. That said car was delivered to the railroad company in Florida, and the contents thereof were not inspected by the railroad company. That the carrier's agent at Mango, Fla., received said car load of oranges billed as 300 boxes of oranges in bulk, issued a bill of lading therefor to the shipper, and forwarded said car with a manibill upon which the freight was computed to be $138, the minimum freight on a car load of oranges in boxes. That as a matter of fact said oranges were not in boxes, but were in bulk, and the actual weight of the oranges in said car was 25,100 pounds, instead of the minimum weight of 24,000 pounds as estimated, and the published rate on said oranges in bulk was 69 cents per 100 pounds, so that the correct freight, according to the rate on file with the Interstate Commerce Commission, on said oranges in bulk from Mango, Fla., to Birmingham, Ala., was $173.19, and the difference between the rate charged on the manibill and paid by the consignee and the correct freight on said oranges was $35.19, the amount sued for. That said car load of oranges was consigned to the defendant at Birmingham under an agreement with H. T. Montgomery & Co. by which defendant was to pay the freight demanded, and sell the oranges for consignor, deducting his commission and returning the balance to consignor; and upon arrival the defendant paid the freight demanded by the plaintiff, and shown by the plaintiff's bill of lading, viz., $138 and took pos-

session of the said car load of oranges, and disposed of the same as agents for and on account of the shippers H. T. Montgomery & Co., without any knowledge or information as to the weight of the shipment, or that the rate of freight on said oranges had not been correctly computed and paid. That after such remittance and prior to the bringing of this suit, the plaintiff demanded of the defendant the payment of said sum of $35.19, the difference in freight on said oranges, which the defendant declined and refused to pay, referring the plaintiff to the shipper for any proper adjustment.

"It is agreed, subject to objection for immateriality, that there is a custom prevailing in the territory involved, and had been for a number of years prior to this shipment, to the effect that, in the event of undercharge by the railroad, on shipments consigned to commission men, the railroads on presenting the matter to the consignee or commission men, have been uniformly referred to the shipper and owner of the commodity, after the account between commission man and shipper has been closed, and have proceeded with the collection or adjustment of the matter direct with the shipper.

"It is further stipulated and agreed that if upon the foregoing statement of facts the court is of the opinion that the plaintiff is entitled to recover, a judgment shall be entered for said sum of $35.19, with interest thereon from the 10th day of February, 1910; and if the court is of the opinion that the plaintiff is not entitled to recover, judgment shall be entered for the defendant, and the party against whom said judgment shall be entered will be taken to have formally excepted to the ruling of the court."

FORNEY JOHNSTON, and W. R. C. COOKE, for appellant.

LONDON & FITTS, for appellee.

THOMAS, J.—The appeal is by defendant from a judgment of the lower court, sitting without a jury, and which was rendered against him in an action brought against him by plaintiff, the appellee railway company, to recover of him, the defendant, as the consignee of a certain shipment of goods, the difference in amount, which was $35.19, between the lawful freight rate (*Central of Ga. Ry. v. Birmingham S. & B. Co.*, 9 Ala. App. 419, 64 South. 202) on such shipment, and the lesser rate which, at the time of and upon the delivery to the consignee of the shipment, the latter paid, and which the carrier then accepted by error or mistake as being the correct or lawful rate. The case was tried on an agreed statement of facts, which the reporter will set out, and which, at its conclusion, stipulated that: "If, upon the foregoing statement of facts, the court is of opinion that the plaintiff is entitled to recover, a judgment shall be entered for the plaintiff for the sum of $35.19 with interest thereon from the 10th day of February, 1910 [which was done], or, if upon such facts the court is of opinion the plaintiff is not entitled to recover, judgment shall accordingly be entered for the defendant."

(1, 2) There was an exception by defendant to the judgment of the court for the plaintiff, and it is insisted by defendant's counsel here that the court erred in rendering such judgment because, as is contended by them, under the law applicable to the agreed statement of facts the judgment should have been for the defendant instead of the plaintiff. The basis of the insistence is predicated upon the fact that the agreed statement of facts shows that the defendant, who was sued as

the consignee of the mentioned shipment, was not the owner of the shipment, but that the consignor was the owner thereof, and that the latter made the shipment to the .defendant consignee, who was a commission merchant; for him, the consignee, to sell on commission for the consignor, and to remit to the consignor the proceeds of sale after first deducting commissions for selling and the freight paid on the shipment.

In the case of *Central of Ga. Ry. Co. v. Birmingham S. & B. Co.,* 9 Ala. App. 419, 64 South. 202, we held that where the consignee was the owner of the shipment, the carrier might recover of him the freight under circumstances as here; and we now hold that, even though the consignee is not the owner of the shipment, the carrier may nevertheless recover, unless it appears that it knew, or was in some way put on notice, at or before the time of the delivery of the shipment to the consignee, that the latter was not the owner of the shipment, but was merely the agent of the consignor in dealing with it.

The carrier, in the absence of knowledge or notice to the contrary, certainly had a right to presume, at the time it delivered the shipment to the consignee, what the law continues to presume as between the parties, in the absence of evidence to the contrary, and that is that the consignee was the owner of the shipment consigned to and accepted by him.—*Southern Ry. Co. v. Brewster,* 9 Ala. App. 600, 63 South. 790; *Jones v. Sims & Scott,* 6 Port. 138; *L. & N. R. R. Co. v. Allgood,* 113 Ala. 163, 20 South. 986; *Southern Ry. Co. v. Proctor,* 3 Ala. App. 413, 57 South. 513; 4 Am. & Eng. Ency. Law (2d Ed.) 525-536.

If so, then, when the consignee accepts such a shipment, he accepts it with the knowledge that the car-

rier is presuming, as the law authorizes, that he, the consignee, who so accepts the shipment, is the owner of the goods so shipped, and that he either authorized, or by his acceptance ratified, the act of the carrier in transporting and delivering them, and with knowledge that the law places upon the owner an implied promise to pay the carrier the lawful freight on goods which have been transported by the carrier at such owner's request. Therefore, where a carrier, who, as here, has no knowledge or notice that the consignee is not the owner of a shipment the freight on which has not been prepaid, delivers such shipment to the consignee, who accepts it without giving notice that he is not the owner, it will be held that the carrier delivered the shipment on the faith of an implied promise on the part of the consignee to pay the lawful freight charges for the transportation, and that such consignee cannot escape liability therefor by showing that subsequent to such delivery, and after the goods had been disposed of by him, and when the carrier called on him for the balance of such freight, he then notified the carrier that he was not the owner of the shipment, but handled it merely as the agent of the consignor.

It is a well-settled principle of law that an agent who, at the time of entering into a contract with another, does not disclose the fact that he is an agent, and that he is acting as such for some other person in making the contract, may be held personally liable on such contract.—*Wood v. Brewer*, 73 Ala. 259; *Bell v. Teague*, 85 Ala. 211, 3 South. 681; *Brent v. Miller*, 81 Ala. 309, 8 South. 219; *Dexter v. Oslander*, 93 Ala. 446, 9 South. 361. We think this principle obtains here, where a consignee accepts from the carrier a delivery of goods transported and does not, at the time, inform the carrier

[Cornelius & Co. v. Central of Georgia Ry. Co.]

that he is not the owner of the goods, but that he is the mere agent of the owner, knowing then, as the law says he, the consignee, should and must know, that the carrier is, as the law authorizes, presuming him to be the owner and is further presuming, as the law authorizes, that he is accepting the delivery under an implied promise on his part to pay the lawful freight.

Of course, where the carrier knows to the contrary, or where there is anything in the bill of lading or otherwise (4 Am. & Eng. Ency. Law), 525) to put him on notice, then information from the consignee is perhaps unnecessary to save himself from liability. This question, however, we need not and do not decide, since there is nothing in the agreed statement of facts in the case at bar to show that the carrier, at the time of the delivery of the shipment to the consignee, was either informed or otherwise knew, or even had anything to put it on inquiry, that the consignee was not the owner of the goods.

The case of *N. Y., N. H. & H. R. R. Co. v. York & Whitney Co.,* 215 Mass. 36, 102 N. E. 366, cited by appellee and decided by the Supreme Court of Massachusetts, is a well-considered case, where the court in dealing with a state of facts practically on all fours with those here, says: "This is an action to recover a balance of freight charges which, through the carrier's mistake, had not been claimed or collected at the time of the delivery of the goods. * * * The goods were shipped to the defendant as a commission merchant, but this information had not been expressly conveyed to the plaintiff. * * * Before the delivery the defendant was told by the plaintiff that the freight was $102.30, and this amount was subsequently paid to the plaintiff and was charged by the defendant in the settlement with

its consignor. Several months later it was discovered that a mistake had been made in this statement of the amount due and collected for freight, and that the lawful rate established by the tariff, filed and published in accordance with the Interstate Commerce Act, had not been collected. The reason was that the goods had been erroneously classified, and that therefore the rate legally due was higher than as first charged. It is to recover this difference between the rate collected and that lawfully due that this action is brought.   *   *   *   It is evidence of ownership that one is named as consignee in a bill of lading.—*Rosenbush v. Bernheimer*, 211 Mass. 146, 97 N. E. 984, Ann. Cas. 1913A, 1317. The defendant was named as consignee in a bill of lading of the goods in question. No other owner was named therein. The fact that he was a commission merchant was not expressly brought to the knowledge of defendant. *   *   *   Moreover, the defendant received the goods under a bill of lading, one of the terms of which was that the consignee should pay the freight at the rate stated. No special rate was stated in the bill of lading, but on its face is printed the provision that unless otherwise provided the 'property will be carried at tariff rates; that is, according to the rates established by the published classification. Acceptance and receipt of goods by a consignee under a bill of lading of this tenor is strong evidence of an implied promise on his part to pay the freight.   *   *   *   It is not necessary to consider what would be the rights of the parties if the plaintiff actually had known, before delivery of the goods by it, that the defendant was agent of the Delaware owner, for under the circumstances disclosed here there was evidence sufficient to warrant the finding that the defendant, even though an agent, had impliedly prom-

ised to pay the lawful freight.—*Boston & Maine R. R. v. Whitcher*, 1 Allen (Mass.) 497. The facts in the case at bar distinguish it from *Central R. R. v. McCartney*, 68 N. J. Law, 165 [52 Atl. 575]; specially relied on by the defendant."

See, also, authorities cited in *Central of Ga. Ry. Co. v. Birmingham S. & B. Co., supra.*

In the case of *Pa. R. R. Co. v. Titus*, 156 App. Div. 830, 142 N. Y. Supp. 43, cited by appellant, it is expressly stated, as pointed out in appellee's brief, that the action was against a consignee "who, with the carrier's knowledge, was merely a commission merchant," which differentiates that case from the case we have just quoted and from the case at bar, though there may be expressions in the opinion as to the law at variance with our holding here.

Likewise, in the case of *Central R. R. Co. v. McCartney*, 68 N. J. Law, 165, 52 Atl. 575, cited by appellant, though there may be a similar variance, it also appears, as pointed out in appellee's brief, that the carrier had knowledge as to the ownership of the goods by the consignor.

We are of opinion, for reasons stated and upon the authorities cited, that the lower court did not err in rendering judgment for appellee.

**Affirmed.**