NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY
*vs.* CHARLES B. SAMPSON.

Hampden.   November 8, 1915. — January 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Carrier,* Of goods.   *Bill of Lading.*

Where by the terms of a bill of lading for goods transported by rail it is provided that the "Owner or consignee shall pay freight at the rate herein stated, and all other charges accruing on said property, before delivery," if the owner of the goods receives them upon the presentation by him of the bill of lading indorsed by the consignee, this warrants, if it does not require, a finding that he has accepted the stipulation contained in the bill of lading and impliedly has agreed to pay the freight; and, in an action against him by the carrier for the freight charges, it is no defence for him to show that he previously had paid a certain

person for the goods, including the amount of the freight charges, and that at the time he received the goods he did not know that the carrier "looked to him for the freight."

The words on a bill of lading for goods transported by rail "Notify J V At Springfield Mass," written under the name and address of the consignee, do not indicate that J V is the consignee. Following *Wright & Colton Wire Cloth Co.* v. *Warren,* 177 Mass. 283.

CONTRACT for $109, the amount of freight charges for the transportation by the plaintiff of two car loads of hay delivered to the defendant. Writ dated April 27, 1910.

In the Superior Court the case was tried before *Aiken,* C. J. The facts which appeared in evidence are stated in the opinion. The plaintiff objected to the admission of any evidence in regard to the defendant's transactions with one Van Deusen. Whereupon the defendant offered to prove that he made a contract with Van Deusen for five car loads of hay to be delivered at Holyoke; that he paid for the five car loads, including the freight; that he had no communication, directly or indirectly, with anybody connected with the plaintiff until he handed in his bill of lading for the purpose of getting his goods; that when he handed in his bill of lading there was nothing said in regard to freight or ownership; that of those five car loads that he ordered from Van Deusen he had not been called upon by the plaintiff to pay the freight on three, and that the two in suit were the remaining ones of the five; that in a freight bill delivered by the plaintiff to the defendant, covering a number of items and several days, the two items in issue had been included and that those two items were struck out, by whom was uncertain, it being contended on one side that the striking out was done by a representative of the plaintiff and on the other side that it was done by a representative of the defendant, the deduction at the foot of the bill being by one Rogers, the cashier of the plaintiff at Holyoke; that two of the plaintiff's representatives, Rogers, and one Boss, the freight agent of the plaintiff having charge of its business, asked Van Deusen for payment of the bills in issue before the bringing of this action; that Van Deusen was adjudicated a bankrupt on March 12, 1908, before the bringing of this action; that at the time the defendant received the goods he did not know that the plaintiff looked to him for the freight, and that the defendant refused to pay the charges.

Upon this offer the Chief Justice ruled that the facts contained in the offer were insufficient as a matter of defence, and ordered a verdict for the plaintiff. The jury returned a verdict for the plaintiff in the sum of $142.18; and the defendant alleged exceptions.

The case was submitted on briefs.

*T. B. O'Donnell & A. E. Orrell,* for the defendant.

*W. S. Robinson & E. T. Broadhurst,* for the plaintiff.

DE COURCY, J.   One of the terms of both the bills of lading was: "Owner or consignee shall pay freight at the rate herein stated, and all other charges accruing on said property, before delivery." The defendant, as purchaser and holder of the bills of lading, indorsed by the consignee, became the owner of the hay represented thereby; *Forbes* v. *Boston & Lowell Railroad,* 133 Mass. 154; and his acceptance and receipt of the hay would warrant, if it did not require, a finding that he accepted the stipulations contained in the bills of lading and impliedly agreed to pay the freight. *Cox* v. *Central Vermont Railroad,* 170 Mass. 129. *New York, New Haven, & Hartford Railroad* v. *York & Whitney Co.* 215 Mass. 36, and cases cited.

The defendant, admittedly the owner of the goods, contends that the evidence embraced in his offer of proof would warrant a verdict in his favor. Apparently this is on the ground that one Van Deusen, whom the defendant says he saw when first he bought the hay, was liable for the freight. But so far as the record shows the plaintiff had no knowledge or notice that Van Deusen had any interest in the hay when it waived its lien and delivered the goods to the defendant. The words "Notify Jas. M. Van Deusen At Springfield Mass" did not indicate that he was consignee; but on the contrary it appeared in the line above that the goods were consigned to H. W. Porter. *Wright & Colton Wire Cloth Co.* v. *Warren,* 177 Mass. 283. Nothing was offered to contradict the plaintiff's evidence, that before delivery of the goods to the defendant it received from Van Deusen no written or oral direction relative to such delivery; and that, after the delivery, it requested him to pay the freight only as an accommodation to and without waiving its right to collect from the defendant. In short, the evidence introduced, together with that offered, would not warrant the jury in finding that the plaintiff looked to Van

Deusen instead of the defendant for the freight, either originally or by novation. *Stowell* v. *Gram,* 184 Mass. 562. The offer to show that "at the time the defendant received the goods he did not know that the plaintiff looked to him for the freight," must be considered in connection with the facts that the plaintiff had a lien on the hay for its freight charges, that it delivered the goods to the defendant without collecting freight only because he was on the railroad's credit list and paid weekly, and that the plaintiff had a right to assume that the defendant would recognize his legal liability to pay the freight under the terms of his bill of lading. In the circumstances disclosed, his ignorance of the fact that the plaintiff looked to him for the freight does not relieve him from the liability imposed on him by law, as already set forth. *Singer* v. *Merchants Despatch Transportation Co.* 191 Mass. 449. *Pennsylvania Railroad* v. *Titus,* 216 N. Y. 17. *Union Pacific Railroad* v. *American Smelting & Refining Co.* 202 Fed. Rep. 720.

In our opinion the Chief Justice was right in ruling that the facts contained in the offer of proof were insufficient as a matter of defence. The parties having consented that if this ruling was right judgment is to be entered for the plaintiff on the verdict, that entry must be made in accordance with the report.

*So ordered.*