## 10844

### MIDDLETON & CO. v. ATLANTIC COAST LINE R. R. CO.

#### (110 S. E. 796)

1. CARRIERS—CONDITIONAL BUYERS COULD SUE FOR DELAY IN TRANSPORTATION OF GOODS AFTER THEY ACQUIRED TITLE BY PAYMENT.— Where seller shipped goods to buyer, order notify, with draft and bill of lading attached, under an agreement entit.ing buyers to pay the drafts, take up the bills of lading, sell the cotton, receive their commissions, and appropriate the balance, the buyers acquired title when they paid the drafts and took up the bills of lading, and could sue the carrier for negligent delay occurring in transportation thereafter.

2. CARRIERS—MEASURE OF DAMAGES FOR NEGLIGENT DELAY STATED.— Ordinarily, when goods are shipped with expectation and intention of immediate sale on delivery, the measure of damages for negligent delay is the difference between the market price on the day the goods should have been delivered and that on the day of actual delivery; but such measure of damages does not apply where consignee does not expect or intend to sell on delivery, but intends to store the goods for better prices.

3. CARRIERS—STATUTE IMPOSING PENALTY FOR FAILURE TO DELIVER WITHIN FIXED PERIOD TO BE STRICTLY CONSTRUED.—Civ. Code 1912, § 2568, providing a penalty for failure to transport and deliver shipment within fixed period, is a penal statute, and is to be strictly, but not unreasonably, construed.

4. CARRIERS—WRITTEN NOTICE THAT PROMPT SHIPMENT WAS REQUIRED ESSENTIAL TO APPLICABILITY OF STATUTE IMPOSING PENALTY FOR FAILURE TO DELIVER WITHIN FIXED PERIOD.—In action against railroad for negligent delay in delivery of shipment, proof that goods were not delivered within the period fixed by Civ. Code 1912, § 2568, imposing a penalty for failure to deliver with'n such period, where "notice is given that prompt shipment is required," *held* not to show the delay unreasonable, in the absence of a showing that the railroad was given written notice that prompt shipment was required.

5. CARRIERS—STATUTE IMPOSING PENALTY FOR FAILURE TO DELIVER WITHIN FIXED PERIOD DOES NOT FIX ARBITRARY STANDARD OF WHAT IS A REASONABLE TIME.—Civ. Code 1912, § 2568, fixing the period within which a shipment is to be delivered, where notice is given that prompt shipment is required, and providing a pena'ty for failure to deliver within such period, "in addition to the liabilities and remedies now existing for unreasonable delay in the trans-

portation of freight," does not fix an arbitrary standard of what is a reasonable time within which a shipment shall be transported, in an action for unreasonable delay in the transportation of freight.

Before MOORE, J., Charleston, Spring Term, 1921. Reversed with directions. '

Action by Middleton & Co. against Atlantic Coast Line Railroad Co. From judgment for plaintiff the defendant appeals.

*Messrs. Rutledge, Hyde & Mann,* for appellant, cite: *Action brought under Secs.* 2568, 2569, 1 Civ. Code, 1912. *Penal Statute that should be strictly construed:* 91 S. C., 377. *Common law rule as to damage for delay:* 4 Elliott on R. R., Sec. 1482; 103 S. C., 457; 69 Fed., 683. *Reasonable time is question for jury:* 10 Rich., 42; 94 S. C., 184. *Presumption that statute is not intended to abrogate common law:* 25 R. C. L., 280. *Proviso in a statute should not be extended by implication:* 78 S. C., 42. *Presumption of ownership in consignee:* 79 S. C., 524. *Where goods are damaged suit by factor (consignee) would bar suit by shipper (owner):* 167 S. W., 1178. *Factor cannot bring suit:* 63 S. E., 721 (N. C.) *Suits by agent or trustee of an express trust:* 80 S. C., 466; 76 S. C., 476; 32 S. C., 142; 28 R. C. L., 667.

*Messrs. H.· W. Conner* and *E. Willoughby Middleton,* for respondents, cite: *Market reports admissible to establish market price on certain dates:* 3 Wig. Ev., Sec. 1704; 17 Cyc., 425; 45 N. E., 276 (Ill.); 57 N. W., 119; (Mich.); 90 Am. Dec., 252 (Mich.); 58 Barb. (N. Y.), 241; 3 Wall (U. S.), 114; 144 N. C., 257, 56 S. E., 922; 87 N. E., 376; 14 Mich., 476; 1 Ell. Evid., Sec. 419; 168 N. C., 281, 84' S. E., 262; 114 Ga., 683; 87 S. E., 889. *Measure of damage for delay in transportation:* 10 C. J., 309 76 S. C., 338; 7 Rich. L., 190; 82 S. C., 375; 81 S. C., 488. *Secs.* 2568-9, 1 *Civ. Code, 1912, is constitutional:* 79 S. C., 519; 81 S. C.,

71; 82 S. C., 410; 67 S. E., 15; 63 S. C., 169; 63 S. C., 525; 113 U. S., 27; 115 U. S., 512; 165 U. S., 150.  *Secs.* 2568-9 *provide for damage and penalty; factor having a special property in goods has right of action for loss or injury*: 10 C. J., 353-4; 3 Hutch. Carriers (3rd Ed.), Sec. 1304-5-6; 3 Enc. Pl. & Pr., 833; 2 Redf. Rys. (6th Ed.), Sec. 191; 85 Pac., 408 (Kan.); 88 N. E., 808 (Ill.); 76 Me., 251; 167 S. W., 1187 (Mo.); 11 S. W., 49; 2 Sandf., 705; 22 N. Y., 389; 71 S. E., 241 (Ga.); 124 N. W., 377 (Minn.); 10 C. J., 352; 4 Fed. Cas. No. 2, 201; 36 Mo., 588; 28 Barb., 382; 85 S. C., 537; Fed. Cas. No. 5940. *Case at* 84 S. C., 189, *and cases cited to sustain it are not the same as this case.*

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages alleged to have resulted from delay in the transportation of a large number of bales of cotton, shipped at various times during the year 1911 by various persons in different parts of the State.  A part of the cotton belonged absolutely to the plaintiffs; by far the larger part belonged to other parties, who consigned the several shipments to the plaintiffs, order notify, with draft and bill of lading attached, under an arrangement by which the plaintiffs would pay the drafts, take up the bills of lading, sell the cotton, receive their commissions, and appropriate the balance—virtually a sale to the plaintiffs, who acquired title upon payment of the drafts.

The damages are alleged to have resulted in each instance from the delay in transportation, the market having declined during the period which elapsed between the time the shipment should have been transported and delivered and the time of the actual delivery; this upon the assumption (of which there is no evidence) that the plain-

tiffs would have sold the cotton immediately upon delivery at the proper time, and did actually sell it upon belated delivery. The plaintiffs in each instance attempted to establish their loss in this way:

They ascertained the date of shipment from the bill of lading, which also showed the place of shipment, the shipper, the marks upon the bales, and the weights; thus finding the place of shipment and the distance to Charleston, they referred to Code, § 2568, for the period of transportation within which that particular shipment should have been transported and delivered; this fixed the date upon which delivery should have been made; they ascertained the market price of cotton upon that day; they then ascertained the price of cotton upon the day of actual delivery, and the difference made up their loss. There was no other evidence in any case that the delay in shipment was an unreasonable one; the plaintiffs relied solely upon the statute as settling in every case what was an unreasonable delay.

Two questions only arise upon the appeal: (1) Was the action properly brought by the plaintiffs under the circumstances? (2) Does the statute in every case fix an arbitrary standard of what is a reasonable time within which a shipment shall be transported to its destination?

Middleton & Co. were conditional vendees of the 1, 2 cotton; when they paid the drafts and took up the bills of lading, they became the absolute owners of the cotton. *Brown v. Railroad Co.,* 91 S. C., 377, 74 S. E., 754. This, in the nature of things, occurred before the shipment was due to arrive; whatever delay thereafter occurred was a delay in the transportation of Middleton & Co.'s cotton, for which they are entitled to such damages as they may show that they have sustained, upon the establishment of the fact that there was an unreasonable delay. Ordinarily, when goods are shipped with the expectation and intention of immediate sale upon delivery,

the measure of damages is the difference between the market price on the day that the goods should have been delivered and that on the day of actual delivery.  But it is apparent that this rule is not applicable where the consignee does not expect or intend to sell upon delivery, but intends to store for better prices; for the delay in such case could not have had the effect of keeping him off of the market with the cotton.

The following authorities sustain the position taken as to the first question: 10 C. J., 353; 3 Hutch. Carr. (3d Ed.) §§ 1304, 1305, 1306; 3 Enc. Pl. & Pr., 833; Angell, Carr. (5th Ed.), § 493; 2 Red. Rys. (6th Ed.), § 191; *Missouri, etc., R. Co. v. Peru-Van Zandt Co.,* 73 Kan., 295, 85 Pac., 408, 87 Pac., 80, 6 L. R. A. (N. S.), 1058, 117 Am. St. Rep., 468, 9 Ann. Cas., 790; *Edgerton v. Railway Co.,* 240 Ill., 311, 88 N. E., 808; *Grinnell-Collins Co. v. Railroad Co.,* 109 Minn., 513, 124 N. W., 377, 26 L. R. A. (N. S.), 437 and notes.  The case of *Whaley v. Railroad Co.,* 84 S. C., 189, 65 S. E., 1022, was evidently a case of straight shipment to an agent for sale, in which the agent had no interest.

Upon the other question raised:

"Does the statute in every case fix an arbitrary standard of what is a reasonable time within which a shipment should be transported to its destination?"

In the first place the statute is a penal statute; it provides  a penalty of $5 per day for every day in excess of the time limited, "in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight."  Being a penal statute, it is to be strictly, but not unreasonably, construed.  *Brown v. Railroad Co.,* 91 S. C., 377, 74 S. E., 754; *Macon v. Railway Co.,* 81 S. C., 167, 62 S. E., 6.  Referring to this very statute the Court says in the latter case:

"Being a penal statute, it must be construed strictly."
The provision in reference to the several standards of reasonable time, as well as the declaration of the then existing law as to transportation within a reasonable time, are a part of this penal statute. Its application is specifically limited in the proviso to cases where "notice be given to the receiving common carrier that prompt shipment of such freight is required." The proviso evidently controls the entire act, and no part of it is applicable, except where the required notice has been given. shipper who has given notice of "prompt shipment required" shall have been given to the receiving carrier at the time of the delivery of the shipment for transportation, the penal statute is not at all applicable; it is inapplicable, not only as to the penalty, but as to the provisions upon which the penalty is grounded.

Another reason why the statute is not intended to apply to all cases of delay, and is not intended to establish an arbitrary standard of reasonable time, applicable to all delays—that is, to cases where the notice of "prompt shipment required" has been given, as well as where not—is the incorporation in the statute of the parenthetical phrase, "in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight." That is a clear reservation of the right of a shipper who has given notice of "prompt shipment required" to maintain two causes of action: (1) For the "penalty of $5 per day for every day of delay in excess of the time hereinbefore limited"; and (2) to enforce the liability *"now existing* for unreasonable delay in the transportation of freight."

These two causes of action necessarily move upon different lines, for there is nothing in the statute which makes the provisions in reference to the first applicable to the second. In support of the first cause of action the plaintiff

would establish: (1) The date of shipment; (2) that the required notice was given; (3) the distance between the initial and terminal stations; (4) the statute would supply the arbitrary standard of reasonable time; (5) the time of actual delivery. The penalty would then be ascertained by multiplying the number of days in excess of the limit prescribed by the per diem penalty of $5. In support of the second cause of action the plaintiff would establish: (1) The date of shipment; (2) the date of delivery; (3) that there was unreasonable delay in the transportation; (4) damage resulting. It is impossible, in support of the second cause of action, to resort to the arbitrary standard of reasonable time fixed in the penal statute, unless there be a provision in the statute authorizing such resort. There not only is no such provision in the statute, but an express provision that the cause of action for unreasonable delay, independently of the statute, shall be established according to the "liabilities and remedies now existing."

But, if there should be any reasonable ground for holding that a shipper who has given the required notice may invoke the terms of the statute to support his cause of action for unreasonable delay, independently of the statute, there is not the slightest ground for holding that a shipper who *has not given* the required notice (as is the case here) may invoke the benefit of a penal statute the provisions of which he admits by not giving the required notice he is not entitled to. In *Mills v. Kennedy,* 1 Bailey, 17, it is said:

"It is therefore well established that, in declaring upon penal statutes, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception."

By parity of reasoning, it is clear that one who claims the benefit of a penal statute must allege facts showing that he is entitled to the protection afforded by such statute.

It is essential that a shipper or consignee who claims the benefit of Section 2568 bring himself within the proviso of that section requiring that the specified notice of "prompt shipment required" be given. It would have been so easy for the Legislature to have provided that the standard of reasonable time should apply to all delayed shipments, if they had so desired. Instead of doing that, they incorporated this standard in a penal statute, which by its terms is made applicable only where the shipper has given the required notice, and specifically left the liability of the carrier, independently of the statute, for unreasonable delay, to be determined by the existing law.

The judgment is reversed, and the case remanded to the Circuit Court, for the purpose of recommitting it to the master for a trial de novo.