# Davis, Director General, Appellant, *v.* Richardson.

*Carriers—Undercharge—Rule for judgment—Case for jury—Appeals.*

In an action by a carrier for an inadvertent undercharge on an interstate shipment of a car of flour, against a defendant who was the notify party specified in the bill of lading, an affidavit of defense was held sufficient which averred that the defendant, acting solely as the agent of the consignee, sold the car of flour; that he delivered the bill of lading, duly endorsed, to the buyer, who received the car from the plaintiff; and that defendant had remitted the proceeds of the sale to his principal.

The right of the carrier in such cases to recover from the notify party depends on whether the latter accepted delivery of the shipment, or exercised such dominion over it as is equivalent thereto.

An appeal from refusal to enter judgment for want of a sufficient affidavit of defense, is entitled to reach only clear cases in error of law and, if there is any doubt of plaintiff's right to judgment on the pleadings, the appeal should be dismissed and the case remitted for trial.

Argued October 16, 1925. Appeal, No. 164, October T., 1925, by plaintiff, from order of C. P. No. 3 Philadelphia County, March T., 1924, No. 1767, in the case of James C. Davis, Federal Agent, Director General, formerly Operating Philadelphia and Reading Railroad, v. William M. Richardson, Trading as Richardson Brothers. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Assumpsit by a carrier to recover for an under-

charge on an interstate shipment.  Before McMichael, P. J., and Davis, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.  The court discharged the rule.  Plaintiff appealed.

*Error assigned* was the order of the court.

*George Gowen Parry* and with him *Algernon R. Clapp* and *Way and H. Elsbree,* for appellant.—Defendant is liable for the balance due: Nashville and St. Louis R. R. Co. v. Gilliam, 101 So. 889; W. Ry. of Alabama vs. Collins, 78 So. 833; New York Cen. R. R. Co. v. York & Whitney, 256 U. S. 406; P. & R. Ry. Co. v. International Motor Co., 84 Superior Ct., 582; P. R. R. v. Cameron, 78 Superior Ct., 497.

*Lewis, Adler and Laws,* for appellee.—The notify party is not liable: New York Central & Hudson River R. R. Co. v. Whitney, 256 U. S. 406; Phila. & Reading Ry. Co. v. International Motor Co., 84 Superior Ct., 582; Penna. Railroad Co. v. Cameron, 78 Superior Ct., 497; Phila. & Reading Railroad Co. v. Parry, 66 Superior Ct., 49; Pittsburgh Railway Co. v. Fink, 250 U. S. 577; Great Northern Ry. v. Hyder, 279 Federal, 783.

Opinion by Keller, J., February 26, 1926:

Plaintiff appeals from the refusal of the court below to enter judgment against defendant for want of a sufficient affidavit of defense.  An appeal in such case is intended to reach only clear cases of error in law and prevent the delay incident to a trial: Wilson v. Bryn Mawr Trust Co., 225 Pa. 143.  If there is any doubt of the plaintiff's right to a judgment on the pleadings, the appeal should be dismissed and the case remitted for trial.

The action was by a carrier for an inadvertent undercharge on an interstate shipment.  The car was originally shipped by the Rea-Patterson Milling Co. from Coffeyville, Kansas, consigned to its own order, at St. Louis, notify Kemper Mill & Elevator Co., freight charges prepaid.  While in transit the notify party and then endorsee and owner of the bill of lading endorsed and surrendered it to the carrier at Kansas City and obtained in exchange a new bill of lading under which the shipment was consigned to the order of Kemper Mill & Elevator Co., Port Richmond Stores, Philadelphia, notify Richardson Bros., Bourse Building, Philadelphia.  On arrival at St. Louis the cargo (corn flour) was transferred to another car, and was reconsigned and forwarded under a waybill which showed the freight charges west of St. Louis ($124) prepaid and a reconsigning charge at St. Louis of $2.00 to be collected.  The waybill further showed the shipment had not been rated through and that the junction or destination agent was to insert on the bill the charges from St. Louis to Philadelphia, which amounted to $173.04.

Upon arrival of the car at Philadelphia the defendant was notified and inquired of plaintiff's agent what freight or other charges were due on said shipment and was erroneously informed that the freight from St. Louis to Philadelphia had been prepaid, leaving only a reconsigning charge of $2.06 due, which defendant paid.  The bill of lading, which showed that no charges had been prepaid except the freight from Coffeyville to St. Louis, was in defendant's possession at the time; the Kemper Mill & Elevator Co. having endorsed the same and delivered it to him either directly or with draft attached through a bank,—which, does not appear in the pleadings.

In our view of the case plaintiff's right to recover depends on whether defendant accepted delivery of the

shipment or exercised such dominion over it as was equivalent thereto. For, in such event, the notify party, in possession of an order bill of lading and paying the freight charges demanded, becomes to all intents and purposes the consignee of the shipment Southern Ry. Co. *v.* Collins, 119 S. E. 833 (S. C.); Brown v. A. C. L. R. Co., 74 S. E. 754 (S. C.), within the rule laid down in P. C. C. & St. L. Ry. Co. v. Fink, 250 U. S. 577, and liable for the difference between the freight charges erroneously paid by him and the lawful amount due under the applicable published rates: N. Y. Cent. R. Co. v. Sampson, 110 N. E. 964 (N. Y.); South. Ry. Co. v. Collins, supra; and this is so notwithstanding the consignee was only a commission agent and had remitted the net proceeds to his principal, the shipper; N. Y. Cent. R. Co. *v.* York & Whitney Co., 250 U. S. 406. See also P. & R. Ry. Co. v. International Motor Co., 84 Pa. Superior Ct. 582; P. & R. Ry. Co. v. Baer, 56 Pa. Superior Ct. 307; Penna. R. Co. v. Titus, 109 N. E. 857 (N. Y.); Cornelius v. C. of Ga. R. Co., 69 South. 331 (Ala.).

Plaintiff averred in his statement of claim (14th paragraph) that defendant accepted delivery of the shipment and surrendered to the plaintiff the bill of lading duly endorsed by Kemper Mill & Elevator Co. and defendant. Defendant in his affidavit of defense denied this and averred that acting solely as agent of the Kemper Mill & Elevator Co. he sold the car of corn flour to the United States Grain Corporation to whom he delivered the bill of lading duly endorsed and who received the car of corn flour from the plaintiff; and that he (defendant) had remitted the proceeds to his principal who was now insolvent.

We are not able to say that the facts averred and admitted in the affidavit of defense show, beyond question, such an exercise of dominion over the car as to amount to an acceptance of the shipment and bring

defendant within the rule above mentioned. The mere fact that he was named as notify party in the bill of lading did not operate to make him consignee: Ammon v. I. C. Ry. Co., 139 N. W. 819 (Minn.). Nor does the sale or assignment of an order bill of lading by a holder, carrying with it the title to the cargo, of itself, amount to such exercise of dominion over the shipment as to be equivalent to an acceptance of delivery by the seller and make him liable as consignee. It may, if preceded by other acts tending to establish such acceptance or delivery, as the payment of the freight charges to the carrier and directions to it relative to delivery: N. Y. Cent. R. Co. v. Sampson, supra, p. 965; or other circumstances tending to show that the sale of the bill of lading was equivalent to a sale of the cargo after delivery at destination. These do not appear from the pleadings and require development at the trial.

We do not think this case is governed by the decision in Davis, Director General v. Akron Feed & Fuel Co., 296 Fed. 675. It would be in point if defendant had paid the lawful freight charges from St. Louis to Philadelphia but had been erroneously informed that the charges from Coffeyville to St. Louis had been prepaid, when actually they had not—and under the reconsignment bill of lading defendant had no knowledge on the subject or means of knowledge except inquiry from the railroad agent. In this case, the bill of lading itself showed that the charges here demanded had not been prepaid. The provisions of the Interstate Commerce Act against discrimination would amount to nothing if the railroad company's agent could nullify a bill of lading available to both parties by a statement repugnant to its terms.

The appeal is dismissed, without prejudice etc.