(109 So. 573)

## LOUISVILLE & N. R. CO. v. A. N. CHAPPELL & CO. (6 Div. 865.)

(Court of Appeals of Alabama. April 20, 1926. Rehearing Denied May 18, 1926. Reversed on Mandate Sept. 7, 1926.)

**1. Commerce ☞8(14)—Courts ☞97(5).**

In suits to recover for undercharge on interstate shipments, federal statutes control, but state courts follow their own judgment unless statutes have been construed by United States Supreme Court.

**2. Principal and agent ☞136(1).**

Where one is known to act in representative capacity in contracting with another, he may not be held individually liable.

**3. Carriers ☞194.**

Delivering carrier cannot sue consignee for undercharge on interstate shipment where latter is agent for consignee and such fact is known to carrier.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by the Louisville & Nashville Railroad Company against A. N. Chappell & Co. From a judgment for defendant, plaintiff appeals. Reversed and remanded on authority of 109 So. 574.

Certiorari granted by Supreme Court in Louisville & N. R. Co. v. A. N. Chappell & Co., 109 So. 574.

Jones & Thomas, of Montgomery, and McClellan, Rice & Stone and J. K. Jackson, all of Birmingham, for appellant.

The carrier must collect freight charges upon the basis of legal rates. The doctrine of estoppel does not apply. N., C. & St. L. R. Co. v. Gilliam, 212 Ala. 120, 101 So. 889; Emerson v. Central of Ga. R. Co., 196 Ala. 280, 72 So. 120, L. R. A. 1916F, 120; C. of Ga. R. Co. v. Birmingham Sand & Brick Co., 9 Ala. App. 419, 64 So. 202; Southern R. Co. v. Buckeye Cotton Oil Co., 126 Miss. 562, 89 So. 228. The consignee is liable for the full legal rate, irrespective of his relationship to the shipper. Western & A. R. Co. v. Underwood (D. C.) 281 F. 891; P., C., C. & St. L. R. Co. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151.

J. Reese Murray, of Birmingham, for appellee.

Where one is known to be acting in a representative capacity in contracting with another, such a one may not be held individually liable upon the contract. Cornelius & Co. v. C. of Ga. R. Co., 13 Ala. App. 533, 69 So. 331; Blount v. Tomlinson, 57 Fla. 35, 48 So. 751; Creighton v. Air Nitrates Corp., 208 Ala. 330, 94 So. 356; McQuiddy Printing Co. v. Head, 7 Ala. App. 384, 62 So. 287.

RICE, J. Appellant, as delivering carrier of an interstate shipment, sued to recover an amount due as an undercharge on a shipment of freight.

[1] It is true that the federal statutes control in litigation of this kind. But as said in Sou. Ry. Co. v. Harrison, 119 Ala. 539, 24 So. 552, 43 L. R. A. 385, 72 Am. St. Rep. 936:

"Unless the national law has been constructed by the Supreme Court of the United States, the courts of the various states will follow their own judgment in determining its effect on the contract."

We have been cited to no case, and know of none, decided by the Supreme Court of the United States, where the question raised by this appeal has been passed upon.

[2] It seems clearly to be the law of this state that where one is known to be acting in a representative capacity in contracting with another, such an one may not be held individually liable upon the contract. Cornelius v. Cent. of Ga. R. R., 13 Ala. App. 533, 69 So. 331; Creighton v. Air Nitrates Corp., 208 Ala. 330, 94 So. 356.

[3] We do not think appellee can be said to be the consignee of the shipment here in question. He was merely the agent of the consignor, and his capacity was made known to appellant.

It is our opinion that the trial court properly gave the general affirmative charge in favor of appellee, and, of course, correctly refused to give a like charge in favor of appellant. Cornelius v. Cent. of Ga. R. R., 13 Ala. App. 533, 69 So. 331; Central of Ga. Ry. Co. v. So. Ferro Concrete Co., 193 Ala. 108, 68 So. 981, Ann. Cas. 1916E, 376.

Rather than finding a decision of the Supreme Court of the United States that precludes this holding it would seem that, indirectly at least, the opinion of that court in the case of L. & N. R. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 44 S. Ct. 441, 68 L. Ed. 900, is an authority in favor of it.

The judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded on authority of Louisville & N. R. Co. v. Chappell & Co., 109 So. 574.