# Pennsylvania Railroad Company *v.* Young, Appellant.

*Railroads—Freight charges—Liability for—Consignor—Consignee.*

In an action of assumpsit to recover freight and demurrage charges, it appeared that two car-loads of onions had been consigned over the plaintiff's line under an order-notify consignment; that the order-notify consignee refused them; that the consignor ordered the shipments released to defendant, who was on plaintiff's credit list, and that defendant, by means of the order to release the cars to him, obtained delivery, although the actual vegetables were actually removed by the third party.

In such case the issue was one of fact: whether delivery was made to the defendant or to defendant's nominee, i. e. whether defendant accepted delivery or exercised such dominion over the cars as was equivalent to it. Verdict for the plaintiff sustained.

*Practice C. P.—Charge of Court—General exception.*

Where only a general exception is taken to the charge of the court, and no requests for specific instructions were presented, it is too late to afterwards complain that the case should be tried in the Common Pleas because the trial judge in the County Court did not submit to the jury the contentions of the defendant in the manner in which he would have liked them submitted.

Argued April 30, 1926. Appeal No. 189, April T., 1926, by defendant, from judgment of C. P. Allegheny County, January T., 1926, No. 3088, in the case of Pennsylvania Railroad Company v. S. M. Young. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for leave to appeal from county court. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.

*John R. Bredin,* of *Dalzell, Fisher & Dalzell,* for appellee.

Opinion by Linn, J., July 8, 1926:

Plaintiff had judgment in its suit in the county court for freight and demurrage charges on two cars of freight transported in interstate commerce. Defendant filed his petition in the common pleas for leave to appeal from the judgment entered in the county court, alleging substantially (1) that his request for binding instructions should have been granted; (2) that judgment n. o. v. should have been entered; and (3) that the county court erred in not submitting the case to the jury on a view of the evidence, which we need not recite because no request was made that it should be so submitted.

We apply the rule stated in Keown v. Bunton, 61 Pa. Super. Ct. 220, 223, that "a party who has had a jury trial......is not entitled to appeal from the county court unless a retrial of the issues of fact is necessary to prevent injustice;......the court is to exercise a sound judicial discretion, on due consideration of the revelant matters properly brought before it, and may refuse the appeal if, upon consideration, it is not satisfied that a retrial is necessary to prevent injustice."

While the circumstances surrounding the delivery of the two cars to defendant are not quite the same, the facts are sufficiently alike in their legal aspects not to require separate consideration here. Generally speaking, therefore, the verdict establishes that order-notify shipments were in transit over plaintiff's line to Pittsburgh; that the order-notify consignee refused them; that the consignor ordered the shipments released to defendant, who was on plaintiff's credit list; that defendant by means of the orders to release the cars to

him, obtained delivery and thereby became liable for the freight and demurrage charges.

Appellant's brief asserts that the only issue of fact for the jury was whether delivery was made to defendant or to defendant's nominee (not on the credit list). That issue was submitted to the jury. Defendant contended that in obtaining the party who seems actually to have obtained the contents of the cars, defendant was acting as consignor's agent and was not exercising dominion or other temporary ownership over the cars. The court instructed the jury to find whether defendant accepted delivery or exercised such dominion over the cars as was equivalent to it: Davis v. Richardson, 87 Pa. Superior Ct. 205; the evidence on the subject was disputed; binding instructions could therefore not be given. The jury accepted plaintiff's view of the facts.

On the point that judgment for defendant notwithstanding the verdict should have been entered, we accept the verdict of the jury because there is evidence to support it. At the trial no requests for instructions (other than binding instructions) were presented by defendant, and only a general exception was taken to the charge; it is too late now to complain that the trial judge did not submit to the jury the contentions of the defendant, in the manner he now suggests he would have liked them submitted: Snyder v. Reading Co., 284 Pa. 59, 62, and cases there cited.

Judgment affirmed.