## TRINIDAD BEAN & ELEVATOR CO. v. PENNSYLVANIA R. CO.

No. 5410.

Circuit Court of Appeals, Third Circuit.

July 13, 1934.

Richard K. Stevens, of Philadelphia, Pa., for appellant.

Charles Myers, Francis Biddle, and Barnes, Biddle & Myers, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below, the Trinidad Bean & Elevator Company, hereafter called Trinidad, brought suit against the Pennsylvania Railroad Company, hereafter called carrier, to recover damages alleged to have been caused by the failure of the carrier to notify Trinidad that a carload of beans, shipped by it, was suffered to remain in the carrier's possession without notice to Trinidad. The court entered judgment in favor of the carrier; whereupon Trinidad took this appeal.

The facts of the case are that Trinidad shipped the carload of beans from Twin Falls, Idaho, to Philadelphia, Pa. On shipment, it received a bill of lading, in which Trinidad was named as consignor and consignee. On the bill of lading was the direction, "Notify Elkan B. Marks, care of Pennsylvania Warehouse & Safe Deposit Company." On arrival of the beans in Philadelphia, carrier promptly notified Elkan B. Marks, who failed to respond in any way to the notice. Following arrival, the beans were placed by the carrier in the Pennsylvania Warehouse & Safe Deposit Company, where the bill of lading provided Marks was to be notified. The contention of Trinidad is that it should have been notified of Mark's failure to respond.

It will be noted that the bill of lading made Trinidad both consignor and consignee, and that under the decisions the naming of Marks as the "notify party" did not make him a consignee. See Davis v. Richardson, 87 Pa. Super. Ct. 205; Chicago & N. Ry. Co. v. Picard, 98 Pa. Super. Ct. 134; Furman v. Union Pacific Railway Co., 106 N. Y. 579, 13 N. E. 587 (quoted approvingly in North Pennsylvania R. Co. v. Commercial Nat. Bank, 123 U. S. 727, 8 S. Ct.

266, 31 L. Ed. 287). It is contended by Trinidad that it should have been advised that the beans were not accepted by any one. Were such the law, we would have the strange contradiction in this case, where the consignor is itself the consignee of the goods, that the consignor should be advised that it, as consignee, had not accepted delivery.

Finding no error in the decision of the court below, its judgment is affirmed.