# Birmingham Railway, Light & Power Co. *v.* Norris.

## *Damages for Assault and Battery.*

(Decided Nov. 14, 1911. 56 South. 739.)

1. *Street Railways; Operation; Duty of Conductor.*—The rule of street railroads requiring conductors to change the registers at the end of each run was not necessarily violated by the mere collection of fares before changing the register, if the register was changed before registering any fares on the return trip.

2. *Assault and Battery; Justification; Plea.*—In an action for assault and battery alleged to have been committed upon the conductor by his superior officer in taking from him his cap and badge and pushing him off the car, a plea alleging that the conductor breached a rule requiring all conductors to register all fares collected and providing that unless they did so they should surrender their badges as conductors, was demurrable since the assault could not be justified or excused by the unwarranted retention by the conductor of personal property belonging to the railroad company.

3. *Same; Provocation; Evidence.*—In an action for assault and battery on a street car conductor by his superior officer for alleged failure to ring up fares on May 12, 1908, evidence that on previous occasions in February, March and April of the same year, plaintiff had been detected in the same fault was too remote to be admissible to show provocation.

4. *Same; Accompanied by Slander.*—Where the plaintiff alleged in two counts that the assault and battery was accompanied by insinuation that plaintiff had failed to account for fares, in consequence of which his reputation for honesty was impaired, it was competent to show that defendant's superior officer assaulted plaintiff, taking from him his badge and cap, slandering him in the presence and hearing of passengers by accusing him of failing to register collected fares, as a statement accompanying the assault explanatory of the assailant's conduct.

5. *Same; Recovery.*—Where an assault committed on the plaintiff by his superior officer was accompanied by slanderous accusations in the hearing of others, that plaintiff had failed to account for fares collected by him, and plaintiff's complaint alleged such conduct and damages thereby, in connection with such assault, he was entitled to recover for both.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by M. L. Norris against the Birmingham Railway, Light & Power Company for assault and battery. Judgment for plaintiff, and defendant appeals. Affirmed.

With the exception of the sixth, seventh, and eighth assignments of error, the opinion contains a sufficient statement of the facts. The sixth assignment is as follows: "The court erred in refusing the following charge: 'If you believe the evidence, I charge you that you cannot award the plaintiff any damages for injury to his character.'" Assignment 7: "The court erred in refusing the following charge: 'If you believe the evidence, you cannot award the plaintiff any damages for loss of reputation, if you believe from the evidence that he sustained any.'" Assignment 8: "The court erred in refusing the following charge: 'I charge you, gentlemen of the jury, that if you believe the evidence in this case you cannot award the plaintiff any damages for injury done his good name, if you believe from the evidence that any was done.'"

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in sustaining demurrer to the second plea.—*B. R. L. & P. Co. v. Stallings*, 154 Ala. 521. The court erred in refusing to allow the defendant to show by memorandum that the register showed twenty-three fares when there were twenty-four passengers.—*B. R. L. & P. Co. v. Seaborn*, 53 South. The court erred in refusing the charge made the basis of the 6th assignment of error.—*Atkins v. Gladwish*, 41 N. W. 347; *Schmidt v. Milwaukee St. Ry. Co.* 61 N. W. 834; *Sletten v. Madison*, 99 Wis. 1020; 1 Sutherland on Damages, pp. 90 and 275.

BOWMAN, HARSH & BEDDOW, for appellee. Plea 2 constituted no justification, as one may not retake his own property by violence from another who has acquired it peacefully and lawfully.—35 Ill. App. 138; 6 Blackl. 375; 3 B. Mon. 51; 126 Mass. 519; 84 N. W. 798; 39 Minn. 350; 14 L. R. A. 317; 3 F. & F. 202. The court did not err in refusing the charge made the basis of the second assignment of error.—*Postal T. Co. v. Jones,* 13 Ala. 228; *So. Ry. v. Smith,* 163 Ala. 183; *Tutwiler v. Tuwin,* 158 Ala. 657. The appellants do not sufficiently argue the 3rd and 4th assignments to require the court to notice the same.—*Ala. S. & W. Co. v. Wrenn,* 136 Ala. 475; *Johnson v. Frederick,* 163 Ala. 455. The memorandum was too remote in point of time to be used as evidence.—*Keyser v. Smith,* 71 Ala. 482; *Rodgers v. The State,* 117 Ala. 195. The court properly refused charges made the basis of the 6th, 7th and 8th assignment of error.—44 Ia. 314; 52 South. 172; 36 Wis. 657; 112 Ill. 297; 71 Wis. 654. It is never error to refuse misleading charges.—*Webb v. The State,* 162 Ala. 58; *Gaston v. The State,* 161 Ala. 37.

WALKER, P. J.—This was an action brought by the appellee, who had been a conductor of one of the appellant's street cars, for an alleged wrongful assault and battery committed upon him by one Nolan, who was a superior officer, designated the "dispatcher," in the appellant's service. There was evidence tending to show that the dispatcher charged the appellee, in the presence of the passengers on the car, with having failed to register all the fares collected by him on the trip. he was making, and thereupon jerked from his cap the conductor's badge, and pushed or shoved him off the car.

The court was not in error in sustaining the demurrer to the special plea setting up a breach by the plain-

[Birmingham Railway, Light & Power Co. v. Norris.]

tiff of a rule of the defendant that its conductors should register all fares collected, and that, unless they did so, they should be required to surrender their badges as conductors, and that, on account of such violation of this rule by the plaintiff, the defendant's dispatcher took from him his conductor's badge without using any more force than was necessary for that purpose. This plea undertook to set up a justification of the admitted assault. An assault cannot be justified or excused by the unwarranted retention of personal property by one who lawfully acquired its possession. If the owner, or an agent for him, desires, in such event, to reclaim the property, the law affords him appropriate remedies if the possession is not voluntarily surrendered, but it does not countenance the substitution of physical violence in the place of these remedies.—*Hendrix v. State,* 50 Ala. 148; *Kirby v. Foster,* 17 R. I. 437, 22 Atl. 1111, 14 L. R. A. 317. It is suggested that a forcible seizure of personal property so improperly detained has some analogy to the use of force by or on behalf of a carrier in certain situations. The reason underlying the rule prevailing in the one case does not exist in the other. The rule which permits a carrier by the use of such force as may reasonably be necessary for the purpose to remove from its vehicle one who has no right to remain thereon has no application to the case of an assault committed in an attempt to recover property improperly detained by the person assaulted.

In the course of his testimony the plaintiff stated, "We have to change the register at the end of each run," referring to the machine used for registering fares collected. Predicated upon this statement, the defendant requested the court to give to the jury the following written charge: "If you believe the evidence in this case,

it was the duty of the plaintiff in this case to change the trip register before commencing to collect fares." Without deciding whether or not the refusal to give this charge could be justified on the ground that it did not embody any proposition of law applicable to the evidence, or because it improperly singled out a particular phase of the evidence for the consideration of the jury, the matter may be disposed of by pointing out that it was not a necessary inference from the evidence that a conductor violated his duty in this connection by merely collecting fares before changing the register, if he made such change before registering any fare collected on the next trip. The court was justified in refusing to give an instruction which was couched in such terms as to make it a violation of his duty by the conductor merely to receive a fare from a passenger who got on the car at the starting point before the register was changed.

This action was for an assault committed on May 12, 1908. The defendant offered evidence tending to show that on previous occasions, in February, March, and April of the same year, the plaintiff had been detected by his superior officers in failures to register fares collected by him. It is not conceived that this offer of evidence could have been made with any other purpose than to show that conduct of the plaintiff provoked the assault, and to afford a basis for the mitigation of the damages recoverable. It is settled in this state that such matters of provocation are not admissible in evidence at the instance of the defendant in an action for an assault, in mitigation of damages, unless they happened contemporaneously with the assault, or so recently prior thereto as to induce the presumption that the assault was committed under the im-

mediate influence of the passion excited by the prov-
ocation, before there had been a reasonable cooling
time between the giving of the provocation and the
commission of the assault.—*Keiser v. Smith,* 71 Ala.
481, 46 Am. Rep. 342; *Rogers v. State,* 117 Ala. 192,
23 South. 82. · Under the rule just stated, the pre-
vious occurrences sought to be proved were too
remote from the assault under investigation to be re-
garded as having any legal connection with that trans-
action, or as constituting a provocation which the law
permits to be taken into consideration in mitigation of
damages. The court did not err in its rulings to this
effect.

In two of the counts of the complaint upon which the
case went to the jury, it was alleged, in effect, that the
assault and battery complained of were accompanied
by a charge or insinuation that the plaintiff had failed
to register or account for fares collected by him as con-
ductor, and that, in consequence of such wrong, the
plaintiff's reputation as an honest man was greatly im-
paired. The allegation as to the charge or insinuation
made by the employe and accompanying his assault
upon the plaintiff is not to be put out of consideration
as mere surplusage, as the averment shows it to have
been a constituent part of the wrongful act complained
of. Such a statement accompanying an assault com-
mitted explains or characterizes the conduct of the as-
sailant, and is to be regarded as an integral part of the
alleged transaction which is made the basis of the claim
to damages.—*Alabama Great Southern R. Co. v. Fra-
zier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; *Conk-
lin v. Consolidated Ry. Co.,* 196 Mass. 302, 82 N. E. 23.
But it is urged in behalf of the appellant that though
the allegations and proof disclosed a case of an assault

and battery committed under such circumstances as to involve damage to the reputation or standing of the person assaulted, and though special damages on that score were pointedly claimed, yet the law does not permit damages to reputation to be recovered in an action for an assault and battery. Several written charges were requested which involved the assumption that such is the law. The rulings principally relied on in argument to support this position are the cases of *Atkins v. Gladwish,* 25 Neb. 390, 41 N. W.347, and *Schmitt v. Milwaukee St. Railway Co.,* 89 Wis. 195, 61 N. W. 834. The first mentioned of these cases was an action for damages on account of an indecent assault. It was held that the trial court was in error in admitting evidence of words spoken by the defendant in derogation of the good name of the plaintiff before and after the time of the alleged assault, and entirely disconnected from that transaction, and in giving instructions, based on that evidence, so improperly admitted, authorizing the jury to compensate the plaintiff for loss of good name, honor, and reputation. The ground of that decision, as we construe it, was the improper admission of evidence as to matters having no connection with the transaction which was made the basis of the suit. The other case referred to was an action for damages sustained by a wrongful expulsion from a street car. The court expressly declared that the action was not for any injury to plaintiff's character or reputation, professional or otherwise.

The conclusion that damages for injury to the plaintiff's reputation were not recoverable in such an action was but an application of the rule that a plaintiff cannot recover special damages which his pleadings do not aver that he has sustained. We do not understand that the opinion in either of these cases indicates the exist-

ence of any rule of law that would preclude the allowance of compensation for loss of reputation in an action for an assault and battery which the pleading and proof in the case showed to have been committed under such circumstances as to affect unfavorably the reputation or good name of the person assaulted.

As injury to reputation is not a necessary result of an assault and battery, the law not implying that such a wrongful act has that consequence, it is not doubted that in such an action damages on that score are to be classed as special damages, which, to be recoverable must be alleged and proved. But when the averments of the complaint in such an action show that the wrongful conduct complained of was of such a nature as to entail upon the assaulted party, as the natural and proximate results of the occurrence, public degradation or loss of repute, and special damages on that account are claimed, there is no rule of law known to us which requires the disallowance of such a claim. Nor can it be said that there was no feature of the assault and battery alleged and which the evidence tended to prove in the case at bar which furnished a support for such a claim of special damage. It would not be an unsupported inference that the conduct of the superior officer of a street car conductor in forcibly taking from his person, in the presence of a number of passengers, the conductor's badge, and shoving or pushing him off the car, at the same time ordering him to report at the office, was damaging to the reputation of the person subjected to such treatment. The law recognizes loss of reputation resulting from a wrong committed against a person as a basis of recoverable damages, and it is not unusual for such an element of damage to be found associated with damages of other kinds entailed by the

wrongful conduct of another. And, if the pleadings and proof in an action for an assault and battery disclose the occurrence complained of under such an aspect that damages on that score may ensue therefrom, there is nothing in the nature of the action to preclude their recovery.—*Carrick v. Joachim,* 126 La. 5, 52 South. 173, 28 L. R. A. (N. S.) 85; *Kelley v. Kelley,* 8 Ind. App. 606, 34 N. E. 1009; *Conklin v. Consolidated Ry. Co.,* 196 Mass. 302, 82 N. E. 23; *Wadsworth v. Treat,* 43 Me. 163. One who is entitled to sue at all for the consequences of a wrongful act of another may recover all the damages proximately resulting from that act. —*Birmingham Southern Ry. Co. v. Lintner,* 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40. As each of the charges referred to in appellant's sixth, seventh, and eighth assignments of error may be understood as involving a proposition inconsistent with the conclusion just announced, it follows that the refusal of neither of those charges can be said to have been erroneous.

The foregoing disposes of all the assignments of error which have been insisted on in argument.

Affirmed.