(97 South. 701)

**DAVIS, Director General, v. QUATTLEBAUM.   (6 Div. 934.)**

(Supreme Court of Alabama.   Oct. 18, 1923.)

1. Trial ☞133(1)—Statement by counsel that defendant would go to any length to defeat recovery should have been eradicated.

Counsel's remark to the jury that "Any concern that will put a witness like that on the stand, will go to any length to defeat this woman's honest cause," being a statement of fact outside the evidence, and authorizing the inference that defendant's whole defense and the testimony of its other witnesses was fabricated, should have been eradicated by the court, when such action was invoked.

2. Master and servant ☞270(1)—No error in permitting witness to testify that engineer of train gave engine a "snatch."

The court did not err in permitting witness to testify that the engineer of the train on which deceased was injured gave the engine a "snatch" and deceased fell.

───────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Master and servant** ⬤⟿285(7)—**Evidence held to warrant submission of the issues of causal connection between negligence and injury and between injury and death.**

In action for death of railroad trainman, evidence *held* to warrant submission to the jury of the issues of causal connection between his injury and his death, and between defendant's negligence in operation of the train on which he was riding and the injury claimed to be due to a fall.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action for damages by Fannie May Quattlebaum, as administratrix of the estate of Timothy Quattlebaum, deceased, against James G. Davis, Director General, etc. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Plaintiff's witness Wood, a physician, testified that he was called to see intestate in November, 1918, and treated him for several days; that he found no break of the skin but much contusion on that part of the body over or involving the bladder and prostate; that his diagnosis was traumatic cystitis— or a rupture of the bladder and prostate, caused by a blow; that he saw him 36 hours before he died; and that, in his opinion, the cause of his death was as stated.

Defendant's witness Goodwyn, a physician, testified that intestate's complaint was influenza.

A witness for plaintiff testified that the engine and train in question pulled up to the water tank at Littleton and stopped; that intestate got up on the tank (of the engine) to fit the spout; that the engineer had gone too far by, two to four feet; that intestate signaled the engineer to back up; that the engineer could not back for slack in the train, and he "snatched" it ahead and came back again; that the engine "snatched" intestate, and he fell on the tender.

Defendant's engineer testified that at the time of taking water no cars were attached to the engine, and that the engine was moved back on the signal of the intestate; that he did not move forward, after stopping the first time, before he backed the engine into position, for the water spout; that he was looking at intestate at the time and that intestate did not fall before the engine stopped; but that intestate told him, after he had finished taking water, that he had slipped and hurt his back.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

A casual connection between the injuries and the negligence alleged must be shown in order for plaintiff to make out her case. Koger v. Roden Coal Co., 197 Ala. 473, 73 South. 33; Southworth v. Shea, 131 Ala. 419, 30 South. 774; Tuck v. L. & N. R. R.

Co., 98 Ala. 150, 12 South. 168; American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 South. 757; Miller-Brent Lbr. Co. v. Douglas, 167 Ala. 289, 52 South. 414; St. L. & S. F. Ry. Co. v. Dorman, 205 Ala. 609, 89 South. 70; Continental Casualty Co. v. Paul, 209 Ala. 166, 95 South. 814. Arguments, improper and unsupported by the evidence, should not be allowed, and when indulged in by counsel upon proper objection and motion should be eliminated from the consideration of the jury, and failure so to do will work a reversal of the cause. B. Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Haywood v. Ala. Fuel & Iron Co., 203 Ala. 550, 84 South. 259; Mallory Steamship Co. v. Druhan, 16 Ala. App. 438, 78 South. 636; Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 South. 469; Moulton v. State, 199 Ala. 411, 74 South. 454; Tannehill v. State, 159 Ala. 52, 48 South. 662; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Wolffe v. Minnis, 74 Ala. 386; Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 South. 538; Johnson Brothers Co. v. Brentley, 2 Ala. App. 281, 56 South. 742; Nuckols v. Andrews, 6 Ala. App. 275, 60 South. 592; E. T., V. & G. R. R. Co. v. Carloss, 77 Ala. 443.

Beddow & Oberdorfer, of Birmingham, for appellee.

Where there was evidence from which the jury could infer negligence, a request of the affirmative charge was properly refused. Coosa Pipe, etc., Co. v. Poindexter, 182 Ala. 656, 62 South. 104; Moulton v. L. & N. R. R. Co., 128 Ala. 537, 29 South. 602; Holmes v. Birmingham, etc., R. R. Co., 140 Ala. 208, 37 South. 338; Pantaze v. West, 7 Ala. App. 599, 61 South. 421; Southern Ry. Co. v. Carter, 164 Ala. 103, 51 South. 147. Counsel may make vituperative remarks, when the evidence warrants them. He may, in that event, reflect on the character or conduct of a witness, of a party, or of a person under the control of a party, and in that event it is not available error that he exaggerated and used inflammatory language. 38 Cyc. 1489; Lide v. State, 133 Ala. 43, 31 South. 953; L. & N. R. R. Co. v. York, 128 Ala. 305, 30 South. 676; Pruitt v. State, 92 Ala. 41, 9 South. 406; Birmingham Ry. & Elec. Co. v. James, 121 Ala. 120, 25 South. 847; Robert M. Green & Son v. Lineville Drug Co., 167 Ala. 372, 52 South. 433.

THOMAS, J. The suit was by an administratrix for the death of the husband, the result of personal injury, alleged to have been proximately caused by the negligence of defendant's agent while operating one of his engines.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint was originally in four counts, of which counts 3 and 4 were eliminated by charges of the court. Count 1 lays the negligence to the engineer in charge or control of "said locomotive engine" in negligently causing or allowing plaintiff's intestate "to be thrown or precipitated from said locomotive engine or the tender thereof," etc.; and the gravamen of count 2 was "that her (plaintiff's) said intestate was knocked, shaken, or jolted from said locomotive engine or the tender thereof, and the said injuries and death were caused by reason of the negligence of a person in the service or employment of the defendants, to wit, Sam Schaefer, who had charge or control of said locomotive engine, namely, the said engineer of said engine negligently caused or allowed said locomotive engine to be suddenly or violently knocked, shaken, or jolted on the occasion aforesaid."

Defendant pleaded the general issue and in short by consent, and there was judgment and verdict for plaintiff.

[1] It has been announced by this court that improper argument, not warranted by or based on the evidence ought not be indulged in by counsel, and should be eliminated from the consideration of the jury on timely objection. It is further established that there may be appeals to race and class prejudices that have been held to be ineradicable. In the instant case the bill of exceptions recites:

"Thereupon counsel for the plaintiff, in making closing argument to the jury said: 'Any concern that will put a witness like that on the stand (referring to Dr. Goodwyn), will go to any length to defeat this woman's honest cause.'

"Counsel for the defendant thereupon objected to said statement, made by counsel for the plaintiff to the jury, upon the ground that said argument was illegal, irrelevant, and improper, and moved to exclude the same from the consideration of the jury, but the court thereupon, in open court and in the presence of the jury, overruled said objection and refused to exclude the same from the consideration of the jury, to which action of the court the defendant then and there in open court, in the presence of the jury, duly excepted.

"Thereupon Mr. Beddow turned to counsel for defendant and addressing him said: 'Mr. Scrivner, I don't claim that you personally, did anything wrong; I have known you a long time, and don't believe you would.'"

The argument objected to was more than a characterization of the reliability of the testimony of Dr. Goodwyn—it inferentially charges the defendant with going "any length to defeat" plaintiff's "honest cause." In the case of Green & Sons v. Lineville Drug Co., 167 Ala. 372, 52 South. 433, the remark of counsel was to the effect that "these plaintiffs are * * * monumental liars." This was merely the statement of the opinion of counsel of the effect of plaintiffs' evidence as a whole. The instant remark of counsel to which the objection was made was to the effect that the introduction of Dr. Goodwyn as a witness by defendant authorized the inference of fact that defendant's whole defense and the testimony of his other witnesses, if need be, was unworthy of belief or fabricated. This observation of fact was not warranted by the other evidence for the respective parties and the conflict therein; that is to say, the remark of counsel was a statement of fact outside of the evidence, which could and should have been eradicated by the court, when duly invoked to such action.

[2] There was no error in permitting the witness George Williams to be asked, "And what did Quattlebaum do?" and to answer, "He goes over to take water, and when he was going over, the engineer gave her a snatch, and he fell." Of this the bill of exceptions recites:

"Counsel for defendant thereupon moved to exclude that [he] 'gave her a snatch.'

"The Court: What was it he gave a violent snatch?

"Witness: The engine.

"Court: Overrule the objection. Defendant excepted.

"Continuing, the witness testified as follows: 'Quattlebaum fell. I got on this train at North Birmingham and was going to Jasper. The train stopped at Littleton to get water. Quattlebaum had to pull the spout down to take water, and he was up there for that at the time he fell. While he was doing that I say the engine gave a lurch. Quattlebaum fell. I went on that train to Jasper.'"

[3] Assignments of error challenge the refusal of the trial court to give the general affirmative charges requested by defendant. Appellant bases his insistence for a reversal on assignments of error (1) "that plaintiff failed to show any causal connection between the alleged injury of plaintiff's intestate and his death," and (2) that "there was no causal connection shown between defendant's negligence and the injury."

In McMillan v. Aiken, 205 Ala. 35, 88 South. 135, the authorities were collected as to when the general affirmative charge should be given and when refused. It will be unnecessary to repeat the same. On each of the foregoing issues of fact the evidence warranted a submission of same to the jury, and there was no error in refusing the affirmative charges requested by defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.