(102 So. 130)

## METROPOLITAN LIFE INS. CO. v. CARTER. (6 Div. 223.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

**1. Master and servant ☞329—Count charging assault by agent held not subject to demurrer.**

Count claiming for assault and battery committed by defendant's superintendent, who was acting in line and scope of employment, was not subject to demurrer as not stating cause of action; that it did not appear that assault was committed by agent in line and scope of employment, nor while agent acted within such line and scope.

**2. Appeal and error ☞1040(10)—Ruling on demurrer, if error, held without injury, in view of evidence and instructions.**

Overruling demurrer to count for assault and battery, in that it did not sufficiently appear that it was committed by defendant's agent in line and scope of employment, or within discharge of duties as an employee, if error, was without injury, in view of evidence and instruction requiring proof of agency when assault was made.

**3. Master and servant ☞306—Count charging assault by agent accusing plaintiff of crime held to state cause of action.**

Count charging assault by agent of defendant corporation acting within line and scope of his duty, averring that agent accused plaintiff of stealing or embezzling, *held* to state cause of action.

**4. Assault and battery ☞31—Evidence ☞121 (12) — Master and servant ☞330(2) — Testimony of opprobrious words held competent to explain assault as part of res gestæ and whether assault was in line of agent's duty.**

Testimony of opprobrious words as used by parties was admissible to explain character of assault as part of res gestæ of difficulty, and as basis for inferences whether assault was committed in line of agent's authority in prosecution of master's business.

**5. Assault and battery ☞43(5) — Refused charge held misleading.**

Requested charge in action for assault and battery by defendant's agent, that plaintiff could not be awarded damages because of humiliation or disgrace, resulting from agent calling him crook or damn crook, was misleading.

**6. Master and servant ☞332(2)—Refusal of general affirmative charge on issue of assault by agent held proper.**

Where language used by defendant's alleged agent at time of assault, when referrable to evidence, could only pertain to master's business, or was susceptible of inference that agent did not step aside from master's business to pursue personal matter, refusal of defendant's general affirmative charge was proper.

**7. Trial ☞125(4)—Failure to set aside verdict for improper argument held reversible error.**

In action against life insurance company for alleged assault by its agent in line and scope of authority, argument of plaintiff's counsel that it would not hurt defendant with all its wealth and resources, if jury gave plaintiff every nickel claimed, and that company had 700 policy holders in strip two blocks wide, was appeal to class prejudice, and failure to set aside verdict on motion for new trial was reversible error.

**8. Appeal and error ☞230, 261—Rules for reviewing trial court's action as to objectionable argument stated.**

Rules for reviewing trial court's action as to objectionable arguments or remarks of counsel are that, where trial court rules adversely, or where motion is made to exclude argument or remark, or there is adverse ruling and exception reserved, question can be brought to Supreme Court on appeal from such ruling or such ruling may be made basis of motion for new trial, refusal to grant which will be reviewed.

**9. Trial ☞133(6)—Supreme Court may declare improper argument ineradicable by exclusion and rebuke of counsel.**

It is within Supreme Court's province because of prejudicial nature of argument or remark of counsel and its probable effect on jury that it be held ineradicable by exclusion and rebuke of counsel, and reversible error may be predicated thereon.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for assault and battery by D. G. Carter against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, page 450, Acts 1911. Reversed and remanded.

The plaintiff stated his case in three counts, the first two of which were submitted to the jury. The first count claims as for "an assault and battery committed by one A. C. Chesney, who was, at the time of the commission of said assault, the superintendent of defendant's Magic City District Office, and who was at the time of the commission of said assault acting in the line and scope of his employment, * * * and that the assault was committed upon the plaintiff on, to wit, the 13th day of February, 1923."

Count 2 charges the assault to a servant, agent, or employee of defendant, to wit, Chesney, which said servant, agent, or employee was acting within the line and scope of his duty as such on the date alleged, in

making such assault and battery. This count avers that said servant, agent, or employee of the defendant "accused the plaintiff of stealing or embezzling, by use of the following words, to wit, 'Get out of this office, you damn crook,' or words to that effect," and did humiliate or disgrace plaintiff in the presence of a number of persons, and did injure plaintiff by striking him in the mouth, cutting and bruising plaintiff, necessitating treatment by a physician, etc., and plaintiff claims punitive as well as compensatory damages.

To the complaint defendant demurred on these grounds: (1) That the averments of the complaint are insufficient to state a cause of action against defendant; (2) that it does not sufficiently appear that the assault and battery was committed by an agent of defendant while acting in the line and scope of his employment as such; (3) that it does not appear the assault and battery was committed while said agent was acting within the line and scope of his authority and in the discharge of his duties as an employee of defendant; and (4) that it does not sufficiently appear that plaintiff sustained any actionable damage from the commission of the alleged assault.

In the closing argument to the jury counsel for plaintiff said, in substance: "If you should give the plaintiff a verdict for every nickel claimed in the complaint, it would not hurt this defendant with all of its wealth and resources." To this argument defendant objected, and the court stated: "I sustain the objection." Counsel for plaintiff then said: "Very well, I will withdraw that statement, and will put it this way, I say to you that any company which has 700 policy holders in a strip two blocks wide and running from the railroad to the foot of the mountain wouldn't be hurt if you gave plaintiff every cent claimed in the complaint." To this counsel for defendant objected, and counsel for plaintiff replied: "Very well, I will withdraw that too, and will say that they would be hurt by it," and turning to counsel for defendant asked: "Is that statement all right?" The jury returned a verdict for plaintiff for $1,000, and there was judgment accordingly.

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellant.

To be good against demurrer, the complaint must allege that the assault and battery was committed by the agent while acting in the line and scope of his employment. Gilliam v. S. & N. A., 70 Ala. 270; Goodloe v. M. & C., 107 Ala. 233, 18 So. 166, 29 L. R. A. 729, 54 Am. St. Rep. 67; Palos Coal Co. v. Benson, 145 Ala. 664, 39 So. 727; Republic I. Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516. There can be no separate recovery for damages for opprobrious words and epithets. Singer Mfg. Co. v. Taylor, 150 Ala. 574, 43 So. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. Rep. 90; Choctaw C. & M. Co. v. Lillich, 204 Ala. 533, 86 So. 383, 11 A. L. R. 1014; Republic Co. v. Self, supra. It was the duty of the trial judge to instruct the jury explicitly and emphatically to disregard the improper and prejudicial argument of plaintiff's counsel. E. T. & V. v. Carloss, 77 Ala. 446; Wolffe v. Minnis, 74 Ala. 386; Florence C. & I. Co. v. Field, 104 Ala. 471, 16 So. 538; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Manley v. B. R., L. & P. Co., 191 Ala. 531, 68 So. 60; Jordan v. Austin, 161 Ala. 585, 50 So. 70; Ala. I. & F. Co. v. Benenante, 11 Ala. App. 651, 66 So. 942; Shelby I. Co. v. Greenlea, 184 Ala. 496, 63 So. 470; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 So. 879; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Anderson v. State, 209 Ala. 171, 95 So. 171; Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; L. R. A. 1918D, 7, 83, note.

Leader & Ullman, of Birmingham, for appellee.

A demurrer must specifically point out the defect in the complaint. M. L. & R. Co. v. Portiss, 195 Ala. 320, 70 So. 136; Clinton M. Co. v. Bradford, 192 Ala. 576, 69 So. 4; Code 1907, § 5340; Central L. Co. v. McClure L. Co., 180 Ala. 606, 61 So. 821; Stoudemire v. Davis, 208 Ala. 495, 94 So. 498; Creighton v. Air Nitrates Corp., 208 Ala. 330, 94 So. 356. The complaint is sufficient. Brown v. Comm. F. I. Co., 86 Ala. 199, 5 So. 500. But, if there was error in overruling demurrer it was without injury. Shannon v. Lee, 178 Ala. 463, 60 So. 99; Schlossburg v. Willingham, 17 Ala. App. 678, 88 So. 191; Evans Bros. C. Co. v. Steiner Bros., 208 Ala. 306, 94 So. 361; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Best Park Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Clinton M. Co. v. Bradford, supra; Sou. Ry. v. Harris, 202 Ala. 263, 80 So. 101; Birmingham Sou. v. Goodwyn, 202 Ala. 599, 81 So. 339; Ex parte Minor, 203 Ala. 481, 83 So. 475, 10 A. L. R. 687. Defendant's requested charge 13 was well refused. Mitchell v. Gambill, 140 Ala. 316, 37 So. 290; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 So. 82; Republic I. & S. Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516; Barlow v. Hamilton, 151 Ala. 634, 44 So. 657; A. G. S. v. Pouncey, 7 Ala. App. 548, 61 So. 601; B. R., L. & P. Co. v. Norris, 2 Ala. App. 610, 56 So. 739; Kress v. Lawrence, 158 Ala. 652, 47 So. 574. Argument of counsel was not so grossly prejudicial as to require a reversal. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; B. R., L. & P. Co. v. Sloan, 199 Ala. 268, 74 So. 359; Tenn. River Nav. Co. v. Walls, 209 Ala. 320, 96 So. 266.

THOMAS, J. The suit is for damages for an assault and battery alleged to have been committed by an agent or employee of the defendant. The only eyewitnesses who testified were the plaintiff and said agent of defendant, who is alleged to have committed the injury for which complaint is made. Their evidence was in conflict, and susceptible to such inferences as might be drawn by the jury.

[1, 2] The first count of the complaint was not subject to the grounds of demurrer that were assigned. Mobile Light & R. Co. v. Portiss, 195 Ala. 320, 332, 70 So. 136; Clinton Min. Co. v. Bradford, 200 Ala. 308, 76 So. 74; Stoudemire v. Davis, 208 Ala. 592, 94 So. 498; Creighton v. Air Nitrates Corp., 208 Ala. 330, 94 So. 356. However, the count avers facts from which agency followed as a conclusion of law. Brown v. Comm. F. Ins. Co., 86 Ala. 189, 194, 5 So. 500. And the fact of such agency of Chesney was submitted to the jury. Written charge 7 is:

"In order for the plaintiff to be entitled to recover, you must be reasonably satisfied from the evidence that A. C. Chesney was a servant, agent, or employee of the defendant, and that the said A. C. Chesney assaulted the plaintiff while the said A. C. Chesney was acting within the line and scope of his duty as such employee and, if the evidence fails to so reasonably satisfy you of all these facts, your verdict should be for the defendant."

The instruction on the question in the oral charge is:

"If you are reasonably satisfied from the evidence that the defendant's servant or agent committed this assault and battery while acting within the line and scope of his employment, and that such act was the proximate cause of his alleged injury, then the plaintiff would be entitled to recover compensatory damages; that is, such damages as are the usual and ordinary result of the injury complained of."

In Jackson v. Vaughn, 204 Ala. 543, 545, 86 So. 469, 471, it is said:

"If an error has intervened in any matter of pleading or procedure in any civil case, the judgment following will not, on this account, be reversed, unless the court be of the opinion, as a matter of fact, that this error has probably injuriously affected substantial rights of the parties complaining. Supreme Court rule 45 (175 Ala. xxi, 61 South. ix). Under the mandate of this rule the fate of any judgment in a civil case that is tainted with error in the pleadings or procedure leading thereto is dependent upon what is disclosed by the entire record in that particular case. That is to say, each case stands upon its facts, and, of necessity, no ironclad principle can be announced of the construction to be placed on this rule. However, we may say that under it our court has declared generally that if a complaint (not so fatally defective that a judgment based thereon would be arrested on motion) or a plea in a civil cause be defective for the reason that a necessary allegation is omitted, and a demurrer pointing out this defect has been improperly overruled, the judgment following will not be reversed on this account, if the entire record discloses that the trial court by an appropriate charge instructed the jury specifically as to the necessity of proving the omitted allegation, and the record further shows that this omitted allegation was proved and considered."

[3] If the complaint had been insufficient under the rule of Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929, and Jackson v. Vaughn, 204 Ala. 543, 86 So. 469, that ruling would have been without injury under the evidence and because of the foregoing instructions to the jury. The second count was not subject to the grounds of demurrer directed thereto.

Appellee's brief contains the following admission or statement:

"We are prepared to admit that there can be no separate recovery of a corporation for opprobrious words and epithets used by a servant or agent of the corporation in committing an assault and battery and we are thoroughly familiar with Singer Mfg. Co. v. Taylor (150 Ala. 574, 43 So. 210, 9 L. R. A. [N. S.] 929, 124 Am. St. Rep. 90); Republic Iron & Steel Co. v. Self (192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516); and Choctaw Coal & Mining Co. v. Lillich (204 Ala. 533, 86 So. 383, 11 A. L. R. 1014), but we submit that argument made on page 9 that the language used seeks a recovery separate and distinct from the assault based upon an oral defamation is not sustained by a reading of the averment in the count. The court did not, as contended by appellant, instruct the jury that opprobrious epithets could be made the basis of recovery. On the contrary, the court instructed the jury, record page 6, as follows: 'If you are reasonably satisfied from the evidence that the defendant's servant or agent committed this assault and battery while acting within the line and scope of his employment, and that such act was the proximate cause of his alleged injuries, then the plaintiff would be entitled to recover compensatory damages; that is, such damages as are the usual and ordinary result of the injury complained of. In estimating such damages the jury may consider any mental and physical pain and suffering, any humiliation, indignity, shame, or injury to his reputation that he may have been subjected to which directly ensued as a natural and proximate consequence of the wrong complained of."

[4, 5] The testimony giving the opprobrious words as used by the parties was admissible (1) to explain the character of the assault made, (2) as a part of the res gestæ of the difficulty itself, and (3) as the basis for an inference whether or not the assault and battery was committed in the line and scope of Chesney's authority and in the prosecution of the master's business. Refused charge 13, requested by defendant, "I charge you that you cannot award plaintiff any damages because of humiliation or disgrace resulting from A. C. Chesney calling the plaintiff a 'crook,' or a 'damn crook,'"

was misleading. South Brilliant Coal Co. v. Williams, 206 Ala. 637, 91 So. 589; Mitchell v. Gambill, 140 Ala. 316, 37 So. 290; Kress v. Lawrence, 158 Ala. 652, 47 So. 574; B. R., L. & P. Co. v. Norris, 2 Ala. App. 610, 56 So. 739.

[6] The general affirmative charge was requested on the alleged authority of Wells v. Henderson Land & Lbr. Co., 200 Ala. 262, 76 So. 28, L. R. A. 1918A, 115. The language used by Chesney immediately before the assault and battery was committed, "You know you are short, you damned crook," according to plaintiff's evidence, when referred to the whole evidence could only pertain to the master's business, or was susceptible of the inference that Chesney did not step aside wholly from the master's business to pursue a matter entirely personal. Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 So. 328, L. R. A. 1915F, 516; Birmingham Macaroni Co. v. Tadrick, 205 Ala. 540, 88 So. 858; Cent. Foundry Co. v. Laird, 189 Ala. 584, 66 So. 571; Jebeles & Collias Conf. Co. v. Booze, 181 Ala. 456, 62 So. 12; Gassenheimer v. Western Ry. of Ala., 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998; Case v. Hulsebush, 122 Ala. 212, 26 So. 155. A jury question was presented. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. Defendant's refused charges 7 and 8 were fairly and fully covered by written charges given and in the oral charge of the court.

[7] Assignments of error are based on improper argument of counsel appealing to a class prejudice. Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; Anderson v. State, 209 Ala. 37, 43, 95 So. 171; Watts v. Espy, 211 Ala. 502, 101 So. 106; A. G. S. R. Co. v. Grauer, ante, p. 197, 102 So. 125.

In Wolffe v. Minnis, 74 Ala. 386, the objectionable argument condemned was:

"Judge Minnis, gentlemen, is a large-hearted, great-souled man, confiding and trusting. He is not one of those grasping. men who keep a strict account of every cent they spend. If a poor widow should come to him, and tell him she was without bread, as quick as thought he would run his hand into his pocket, and, pulling out a ten dollar bill, would say to her, 'Here, take this, and go buy you a barrel of flour,'"

—and Judge Stone there said:

"We think the language complained of in this case should not have been indulged; and coming as it did from able, eminent counsel, it was well calculated to exert an improper influence on the minds of the jurors. The court might, and probably should, have arrested it ex mero motu. It is one of the highest judicial functions to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box. And when opposing counsel objected to the improper language employed, and called the attention of the court to it, it was not enough that offending counsel replied, 'Oh, well, I'll take it back.' Such re-mark cannot efface the impression. The court should have instructed the jury, in clear terms, that such remarks were not legitimate argument, and that they should not consider anything, thus said, in their deliberations. Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief."

In Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 480, 481, 16 So. 538, 540, it is said:

"One of the counsel for plaintiff, in his argument to the jury, in referring to parties composing the defendant corporation, used this language: 'They came down here, a party of rich northern capitalists, wanting to speculate on our property, and are now trying to rob an elegant, chivalrous southern gentleman of his justly and hard-earned salary.' On objection raised by defendant's counsel, the court said the objection was sustained, and stated to counsel making the remark that it was improper, whereupon the * * * counsel remarked, 'Well, I withdraw the remark.' There was no exception reserved by defendant to this remark of counsel nor to the action of the court upon it, nor is it made the basis of a motion for a new trial. It is, however, assigned as error. We have referred to it, to state, that the remark was calculated to seriously prejudice and injure the defendant with the jury. The action of the court in excluding it was very mild, and not a sufficient antidote to the poison that had been injected into the minds of the jury by the use of such language. Verdicts ought not to be won by such methods, and when an attorney, in the heat of debate, goes to such extraordinary lengths, generally the court should promptly set aside any verdict that may be 'rendered for his client. The repressive powers of a court to prevent such departures from legitimate argument of a cause before a jury should be vigorously applied. No mere statement that it is out of order or improper can meet the exigencies of the case."

In B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 349, 57 So. 876, 880 (Ann. Cas. 1914C, 1037), it is said:

"The bill of exceptions contains the following recitals: 'Mr. Harsh [of counsel for appellee] in making the closing argument for the plaintiff in the case said to the jury: "I know Hugh Morrow [of counsel for appellant], and I know what I am going to tell you about him is true. I know that if he was on the jury trying this case that he would render a verdict in favor of the plaintiff in a large amount." The defendant, by its attorney, Hugh Morrow, who tried the case, objected to the foregoing argument of plaintiff's counsel, and the court sustained the objection. At the time of making the objection defendant's attorney stated to the court, in the presence of the jury, that the facts stated by Mr. Harsh were not in evidence, and were not true in substance and in fact.' This was clearly and wholly illegitimate argument."

In Standridge v. Martin, 203 Ala. 486, 84 So. 266, the ruling as to objectionable remarks was presented in motion for new trial.

In Ala. F. & I. Co. v. Williams, 207 Ala. 99, 100, 91 So. 879, the authorities as to objectionable argument are collected and reviewed. See, also, Anderson v. State, 209 Ala. 36, 95 So. 178; Watts v. Espy, supra.

[8, 9] The rules for reviewing the action of the trial court as to objectionable arguments or remarks of counsel are declared by this court to be: (1) That, where the trial court rules adversely to appellant, or where a motion is duly made to exclude such argument or remark of counsel, and there is adverse ruling and exception reserved, the question can be brought before this court on appeal from such ruling; (2) that such a ruling may be made the basis of a motion for a new trial, and the refusal to grant such motion for a new trial based thereon will be reviewed by this court. Moreover, it is also within the province of this court, because of the highly prejudicial nature of the argument or remark of counsel and its probable effect on the jury, that it be held ineradicable by exclusion and rebuke of counsel, and reversible error may be predicated thereon.

In Wolffe v. Minnis, supra, Judge Stone, with great wisdom, exhorted courts to a discharge of the highest judicial functions of such fundamental institution of free government "to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box." The same necessity to prevent vitiating causes entering into the verdicts of juries, and for which new trials should be had, was commented upon in Leith v. State, 206 Ala. 439, 90 So. 687; Anderson v. State, supra; Davis, Dir. Gen., v. Quattlebaum, 210 Ala. 242, 97 So. 701; and Watts v. Espy, supra; Moulton v. State, 199 Ala. 411, 74 So. 454.

For the failure of the court to set aside, in response to defendant's motion for a new trial the verdict won by such improper argument, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.