144 So. 18

# BIRMINGHAM ELECTRIC CO. v. RYDER.

## 6 Div. 22.

Supreme Court of Alabama.

Oct. 6, 1932.

Lange, Simpson & Brantley, of Birmingham, for appellant.

J. K. Taylor and Chas. W. Greer, both of Birmingham, for appellee.

**THOMAS, J.**

The suit was for alleged injuries sustained by a passenger alighting from defendant's street car. The action is predicated on negligence of the motorman in shutting the door and starting the car with a sudden jerk before plaintiff had time to alight.

Defendant pleaded the general issue in short by consent, and the verdict was for plaintiff.

The hypothetical question to Dr. Moore was challenged for the lack of a proper predicate that he had "examined her a short while ago and found some evidences of injury" still existed. That hypothesis of facts was not given in evidence, and rendered the question incompetent. Hamilton v. Cranford Mercantile Co., 201 Ala. 403, 406, 78 So. 401, and authorities; Birmingham Railway & Electric Co. v. Butler, 135 Ala. 388, 395, 33 So. 33; Parrish v. State, 139 Ala. 16, 36 So. 1012; Long Distance Telephone & Telegraph Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Birmingham Electric Co. v. Glenn, 224 Ala. 620, 141 So. 537. The effect of the negative answer given to the amended question presents no reversible error—it did not show a permanent injury. De Kalb County v. McClain, 201 Ala. 565, 78 So. 961; Montgomery County v. Pruett, 175 Ala. 391, 57 So. 823; Smith v. Kaufman, 94 Ala. 364, 10 So. 229.

Refused charge 24 has been considered by this court. Montevallo Mining Co. v. Little, 208 Ala. 131, 93 So. 873; Williams v. Anniston Electric & Gas Co., 164 Ala. 84, 93, 51 So. 385. This character of charge was held misleading in Norwood Transp. Co. v. Crossett, 207 Ala. 222, 224, 92 So. 461; Grauer v. Alabama Great Southern Ry. Co., 209 Ala. 568, 573, 96 So. 915; Smith v. Baggett, 218 Ala. 227, 229, 118 So. 283. These cases hold the trial court will not be reversed for the giving or refusal of such charge. Loreno v. Ross, 222 Ala. 567, 571, 133 So. 251. The decision in Boyette v. Bradley, 211 Ala. 370, 374, 100 So. 647, was directed to that instruction as applied to wanton conduct. We

will not reverse for the refusal of this charge, it having a tendency to mislead the jury.

We are thus brought to the matters presented in the motion for a new trial and the denial thereof. An argument of counsel making reference to other cases, their facts, and verdicts rendered thereon is improper and very damaging in effect to a jury. Here, the reference to other verdicts was excluded by the court on defendant's motion. And to that stage of the trial no case was presented where the court should have ex mero motu acted in the premises otherwise than was done; and when appealed to by adverse counsel, emphatically excluded such objectionable references. East Tenn., Va. & Ga. Railroad Co. v. Carloss, 77 Ala. 443, 447, and cases cited; Watts v. Espy, 211 Ala. 502, 101 So. 106; Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 461, 113 So. 403; Tennessee River Nav. Co. v. Walls, 209 Ala. 320, 323, 96 So. 266, and many authorities cited; Birmingham Amusement Co. v. Norris, 216 Ala. 138, 143, 112 So. 633, 53 A. L. R. 840.

The further remark of plaintiff's counsel, as to the action of adverse counsel in making objection, went too far. The court, speaking to the jury promptly and explicitly, instructed the jury to disregard the same, and that defendant's counsel had the right of objection and exception when he conceived the rights of his client should be thus protected. And it has been said by this court that trial courts "can not too narrowly circumscribe the scope and latitude of argument." Counsel have the right in "proper limits (and within the record) to draw their own conclusion and to express their argument," provided they do not make use of improper or unfair "means to create prejudice in the minds of the jury."

The question then recurs that, if the argument or remark of counsel is within the class held remediable, by proper instruction of the court—that is, as to any adverse influence it has upon the jury, and such action is duly taken by the court, no reversal will be had. There are many recent cases on the subject. Davis, Director General, v. Quattlebaum, 210 Ala. 242, 97 So. 701. The general practice and rule that prevail are stated in Anderson v. State, 209 Ala. 36, 95 So. 171; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389; F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037.

The recent case of Lutie Patton Pryor, as G'd'n, etc., v. Limestone County (Ala. Sup.) 144 So. 18,[1] controls as to the objection-

[1] Post, p. 540.

able argument made, and aptly cites Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Standridge v. Martin, 203 Ala. 486, 84 So. 266; American Railway Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389. And to which may be added Davis, Director Gen., v. Quattlebaum, supra, and Watts v. Espy, 211 Ala. 502, 101 So. 106, as to the duty of the court to grant a new trial for such objectionable remarks of counsel in arguments to the jury.

It is unnecessary to consider the motion further than to say the trial court erred in not granting the motion for a new trial on account of the improper remarks and arguments assigned as error.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

